MEMORANDUM OF DECISION REGARDING THE PLAINTIFF’S MOTION FOR RECONSIDERATION

MANFREDI, Justice.
The court has reviewed the Plaintiffs Motion for Consideration dated September 11, 2003, the affidavit of Edwin D. Scallon, and the Plaintiffs Objection to the Defendant’s Motion to Dismiss dated April 8, 2003.
Based upon the statements of counsel and his affidavit, which the Court accepts as true, the Court grants the Plaintiffs Motion for Re-Consideration and accepts the filing of the Plaintiffs Objection to the Defendant’s Motion to Dismiss.
However, after review of the Plaintiffs Objection and the Defendant’s Memorandum of Law in support of its Motion to Dismiss, the Court reaches the same conclusion on the merits of the Motion to Dismiss. That is, the Court agrees that there has been no express waiver of sovereign immunity for the types of claims and under the circumstances alleged by the Plaintiff in his complaint and therefore, this Court lacks jurisdiction over the subject matter of the Complaint.
Our chief judge has recently pointed out in the case of Creasey v. MTGA, et al, Docket Number GDTC-CV-03-109-PMG:
“This court has long held that the Mohegan Tribe, and its sub-entities, are entitled to the well-established immunity from suit traditionally enjoyed by sovereign powers.” Ager v. Office of the Director of Regulation, 1 G.D.R.1, 1 Am. Tribal Law 539 (1997), quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). “The issue of tribal sovereign immunity is jurisdictional in nature,” Ager, 1 G.D.R. at 2, 1 Am. Tribal Law 539: McClendon v. United States, 885 F.2d 627, 629 (9th Cir.1989). Any waiver of this sovereign immunity by the tribe must be unequivocally expressed and cannot be implied. Long v. Mohegan Tribal Gaming Authority, Et Al, 1 G.D.R. 5, 10, (1997); Cherokee Nation of Oklahoma v. Babbitt, 117 F 3rd 1489, 1498 (D.C.Cir.1997).”
The Motion to Dismiss is therefore granted.